UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LIONEL SANDERS, | ) |
| Petitioner, | ) |
| v. | ) No. 1:13-cv-1534-WTL-TAB |
| WENDY KNIGHT, | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Lionel Sanders for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. CIC 13-04-0231. For the reasons explained in this Entry, Sander's habeas petition must be **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## B. The Disciplinary Proceeding

On April 21, 2013, Correctional Sergeant M. Daulton wrote a Report of Conduct in case CIC 13-04-0231 charging Sanders with offense #113 Engaging in Trafficking. The conduct report states:

> On 4-21-2013 at approximately 1:50 PM, I, Sgt M. Daulton, observed Offender Sanders, Lionel #882842 18B-3D give with his right hand a plastic bag to Offender Zapheriou, Bryan #109358 26B-4E in E-Unit control area. I instructed Officer K. Roberts to get the plastic bag from Offender Zapheriou #109358. At that time Offender Zapheriou #109358 with his right hand gave the plastic bag back to Offender Sanders #882842. Offender Sanders #882842 then turned and tried to shove the bag through the screen of the control desk area. Ofc. K. Roberts then pat searched Offender Sanders #882842. I retrieved the plastic bag that Offender Sanders #882842 pushed into the screen of the control desk area. The contents of the bag is [sic] a dried green leafy substance, a bag of orange tabs and a bag of fine white powder substance. All appears to be a controled [sic] substance. I charge Offender Sanders, Lionel #882842 with Code #113.

The substances were confiscated and were forwarded by Officer K. Roberts to Mike Raines in Internal Affairs. The leafy substance tested positive for marijuana. On April 22, 2013, Sanders was notified of the charge of Attempting to Traffic and was served with the notice of disciplinary hearing screening report. Sanders was notified of his rights and pled not guilty. Sanders did not request witnesses and did not request any physical evidence. Sanders was appointed a lay advocate.

On April 24, 2013, a hearing officer conducted a disciplinary hearing and found Sanders guilty of the charge of Attempting to Traffic. In making this determination, the hearing officer considered the conduct report, the offender's statement, the statement from Officer K. Roberts, a statement from Internal Affairs, and physical evidence consisting of a photograph, the confiscated property report, and the polytesting results that were positive for marijuana. Based on the hearing officer's recommendations, the following sanctions were approved: a written

reprimand, a forty-five (45) day loss of telephone and commissary privileges, one-hundred eighty (180) days in disciplinary segregation, a one-hundred eighty (180) day deprivation of earned credit time, and a demotion from credit class 1 to credit class 2. The hearing officer imposed the sanctions because of the seriousness and nature of the offense, and the degree to which the offense endangered the security of the facility.

Sanders appealed this disciplinary proceeding through the administrative process without success. He now seeks relief pursuant to 28 U.S.C. § 2254 arguing that his due process rights were denied.

### C. Analysis

Sanders asserts the following claims: 1) that Indiana Department of Correction ("IDOC") policy with respect to chain of custody was violated; 2) the notice of confiscated property form was not completed or signed, in violation of IDOC policy; 3) he was denied the right to present documentary evidence at the disciplinary hearing; and 4) his appointed lay advocate was not impartial.

In his first two claims, Sanders asserts alleged violations of IDOC policy. Relief for these claims is not available in this action. Habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Sanders next claims that he was denied the right to present documentary evidence consisting of the confiscation report. Sanders also alleges that the hearing officer "gave no consideration" to the documentary evidence. This claim is not supported by the record. The

disciplinary hearing report shows that the hearing officer considered as physical evidence the confiscation report, the conduct report, the statement of Officer K. Roberts, a photograph of the substance in a plastic bag, and the drug test results. Moreover, Sanders does not allege that the confiscation report contained exculpatory information, so even if the confiscation report had not been considered, the result would have been the same because the conduct report alone supported the charge.

Sanders' final claim is that the lay advocate/staff was not impartial, and failed to act in his best interest. Sanders does not explain, however, how the lay advocate was partial or failed to act in Sanders' interest. Sanders further alleges that the lay advocate was chosen at random by the hearing officer. This states no claim of bias. As pointed out by the respondent, Sanders did not object to the lay advocate when he was appointed. It is true that a prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d at 660, 667 (7th Cir. 2003). Sanders does not assert that the hearing officer, or the lay advocate for that matter, had any disqualifying personal involvement in or knowledge of the circumstances involved in the conduct report. There is no due process violation under these circumstances. Therefore, this claim fails.

Sanders was given notice of the charge and had an opportunity to present his defense. The hearing officer provided a written statement of the reasons for his finding and described the evidence that was considered. There was more than "some" evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Sanders' due process rights.

## D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Sanders' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/29/2014

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Lionel Sanders
882842
Correctional Industrial Facility
Inmate Mail/Parcels
5124 W. Reformatory Rd.
Pendleton, IN 46064

All electronically registered counsel